

George C. Paine, II
US Bankruptcy Judge
Dated: 07/28/08



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **NAOMI RUTH MCDANIEL** )<br>**Debtor** ) | **CASE NO. 06-04425**<br>**CHAPTER 7**<br>**JUDGE GEORGE C. PAINE III** |
| **SUSAN R. LIMOR, TRUSTEE,** ) | **ADV. NO. 08-00049** |
| **Plaintiff,** ) | |
| **V.** ) | |
| **PATRICIA E. GRIGSBY**<br>**And NAOMI RUTH MCDANIEL** ) | |
| **Defendants.** ) | |

### MEMORANDUM

This matter is before the court on Susan R. Limor, chapter 7 trustee's adversary complaint seeking to set aside a certain real estate transfer by the debtor to her daughter pursuant to 11 U.S.C. §§ 548, 550 and 551.  For the reasons hereinafter cited, the court finds that no fraudulent conveyance occurred and the action against the debtor, Naomi McDaniel,  and her daughter, Patricia E. Grigsby is hereby DISMISSED.

The parties stipulated to the following at trial:

1. On August 17, 2006, Debtor filed bankruptcy under Chapter 7 of Title 11 of the United States Code.

2. Susan R. Limor was the duly appointed Trustee in the Chapter 7 case on

August 17, 2006.

3. On or about June 29, 2005, Debtor transferred her interest in real property located at 225 Slayton Street, New Carlisle, Ohio 45344 ("Property") to Patricia E. Grigsby ("Grigsby").

4. Prior to the transfer, Debtor was the sole owner of the Property.

5. Prior to the transfer, Debtor held a fee interest in the Property.

6. At the time of the transfer, this property had a value of $108,000.00, the purchase price.

7. Prior to the transfer, Debtor's fee interest had value of at least $21,600.00 above the money received by the Debtor.

8. The transfer to Grigsby occurred within two (2) years of the filing of the Bankruptcy petition.

9. Grigsby is Debtor's daughter.

10. Grigsby received the proceeds and/or benefits of at least $21,600.00 represented by the transfers.

11. The transfer divested Debtor of any interest in the Property.

12. The Debtor received no value from Grigsby in exchange for such transfer.

13. At the time of the transfer to Grigsby, Debtor's liabilities exceeded her assets.

14. Mrs. McDaniel received $86,900 from the sale.


The trustee seeks to recover the $21,600 in "gifted equity" pursuant to 11

U.S.C. § 548. Section 548 provides in pertinent part that:

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within two years before the date of the fling of the petition, if the debtor voluntarily...

(B)   (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

The trustee argues that the "gift of equity" caused the debtor to receive less

than reasonably equivalent value in the sale transaction. The court disagrees.

2-U.S. Bankruptcy Court, M.D. Tenn.

According to line 601 of the Settlement Sheet, the gross amount due to the debtor was $108,000. Out of those proceeds, the debtor then paid off the lienholder, paid certain costs, and then "paid" $21,600 to her daughter. In other words, the debtor <u>received</u> the $108,000 and then used those proceeds as provided for in the Settlement Statement, including spending $21,600 for her daughter's down payment for purchase of the house. If the debtor had taken the $21,600 in addition to her other proceeds, and then spent it all, the trustee would have no asset to pursue. The court finds the debtor's "spending" her money on her daughter is a distinction without a difference under the facts of this case.

In actuality, of course, no money exchanged hands, but the effect of the transaction requires that the debtor "gift" her money to Grigsby to complete the sale. In order for the debtor to gift that money, the debtor would have to actually have the money to give. A valid gift requires donative intent, <u>actual delivery</u> and acceptance. **Lowry v. Lowry**, 541 S.W.2d 128, 130 (Tenn. 1976); **Hansel v. Hansel**, 939 S.W.2d 110, 112 (Tenn.Ct.App. 1996). Thus, although $21,600 was not actually handed to the debtor to allow her to then hand it over to Grigsby, that is the paper trail that was created by this transaction.

Both the debtor, Naomi McDaniel, and her daughter, Patricia Grigsby credibly testified without rebuttal that they were instructed by bank representatives on how to structure the deal. The debtor was selling her house in order to pay off debts accumulated after her husband died, and Grigsby attempted to help her mother realize the equity in the home to make payments to creditors. In order to accomplish that end, the debtor spent her proceeds on the down payment on the house for her daughter. Under these unique facts, the court finds no fraudulent conveyance pursuant to 11 U.S.C. § 548.

3-U.S. Bankruptcy Court, M.D. Tenn.

The court, therefore, hereby DISMISSES the trustee's action against the debtor, Naomi McDaniel, and her daughter, Patricia Grigsby. An appropriate Order will enter contemporaneously herewith.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

This Order has Been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.